IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID YEZEK and SHAWN FRAZER,

            Plaintiffs,

v.

CHP OFFICER M. MITCHELL, et al.,

            Defendants.

NO. C05-3461 TEH

<u>SCHEDULING ORDER FOLLOWING AUGUST 28, 2006 CASE MANAGEMENT CONFERENCE</u>

As ordered at the August 28, 2006 case management conference, the parties shall complete the only remaining fact-witness deposition on or before **September 8, 2006.** In addition, the motion to compel contemplated by Plaintiffs shall, if it is filed at all, be filed on or before **September 15, 2006,** and noticed for hearing on **October 20, 2006, at 3:00 PM.**[1] The briefing schedule shall be in accordance with the Civil Local Rules based on the October 20 hearing date. The Court shall also conduct a further case management conference following the motion hearing, and the parties shall meet and confer and file a joint case management statement on or before **October 13, 2006.**

If, however, Plaintiffs choose not to file a motion to compel, then there would be no reason to wait until October 20 for the case management conference, at which time the Court contemplates setting a trial date and briefing schedule for dispositive motions. Instead, if Plaintiffs do not file a motion to compel, then the parties shall meet and confer and file a joint case management statement on or before **September 25, 2006,** and shall appear for a case management conference on **October 2, 2006, at 1:30 PM.**

---

[1] The Court specially set this date to accommodate Plaintiffs' counsel's schedule and because the Court currently has a trial scheduled that day. If the Court's trial is taken off calendar, the motion hearing shall occur at 10:00 AM on October 20, and the parties shall keep that time available. The Court will let the parties know of any change in time at least one week prior to the hearing.

Finally, upon further consideration, the Court vacates its order that Defendants may file their motion for summary judgment on the same schedule as Plaintiffs' motion to compel. Plaintiffs represented that their motion would be based, at least in part, on the proposition that Plaintiffs need additional discovery to rebut Defendants' motion for summary judgment, and it would therefore be inefficient to proceed with both motions simultaneously.

**IT IS SO ORDERED.**

Dated:   08/29/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT